Filed 4/15/26  P. v. Tucker CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JESSE ALAN TUCKER,<br><br>     Defendant and Appellant. | B345278<br><br>(Los Angeles County<br> Super. Ct. No. PA100152) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hayden Zacky, Judge.  Affirmed.

Teresa Biagini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

**MEMORANDUM OPINION**[1]

On June 23, 2023, pursuant to a negotiated disposition, defendant Jesse Alan Tucker pleaded no contest to grand theft of an automobile (Pen. Code, § 487, subd. (d)(1)) and admitted an allegation that he had a prior conviction for a serious and/or violent felony within the meaning of Penal Code section 666.5. On August 3, 2023, as per the plea agreement, the court suspended imposition of sentence, placed Tucker on probation for two years, and ordered completion of a six to 12-month drug treatment program that included at least six months of inpatient treatment. The court also imposed various fines and fees.

On December 27, 2023, the trial court preliminarily revoked probation and issued a bench warrant based on a report that Tucker had walked away from his inpatient program and had deserted from supervision. At a hearing on June 21, 2024, Tucker admitted to being kicked out of his inpatient program and failing to report to probation as directed. In exchange for this admission, the parties and the court agreed to the imposition of a suspended four-year prison term, reinstatement of probation on the condition that Tucker complete the previously ordered drug treatment program (including the minimum inpatient component), and waiver of good time/work time credits in the event of any future violation. The court sentenced Tucker in accord with this agreement on June 25, 2024.

On December 27, 2024, the trial court preliminarily revoked probation and issued a bench warrant based on a report

---

[1] See California Standards of Judicial Administration section 8.1.

that Tucker had once again left his treatment program and his whereabouts were unknown.

On April 3, 2025, the trial court held a contested violation of probation hearing.  As evidence of Tucker's violation, the People relied on a supplemental probation report and a letter dated July 18, 2024 from Tucker's treatment program, which together stated that Tucker had left the program without authorization and had failed to report to probation as ordered. (See *People v. Gomez* (2010) 181 Cal.App.4th 1028 [probation report showing the defendant's failure to report and failure to attend counseling sessions admissible at revocation hearing].) Tucker presented no contrary evidence.  The court found Tucker in violation of his probation and imposed the previously suspended sentence of four years, calculated total custody credits as 342 days, and left intact the previously imposed fines and fees.

Tucker now appeals.  The attorney appointed to represent him on appeal filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 raising no issues.  When an attorney files such a brief, we must allow the defendant an opportunity to file a supplemental brief (*id.* at p. 439) and must "conduct a review of the entire record" (*id.* at p. 441).  We notified Tucker of his right to file a supplemental brief, but we received no response.

We have examined the entire record.  We are satisfied that no arguable issues exist, and that Tucker's attorney has complied with the responsibilities of counsel.  (*People v. Kelly* (2006) 40 Cal.4th 106, 125-126; *People v. Wende, supra*, 25 Cal.3d at pp. 441-442.)

3

## DISPOSITION

The judgment of the trial court is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

4